Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7023 | **DATE** | 2/18/2004 |
| **CASE TITLE** | BRAD FOOTE GEAR WORKS, INC. vs. DELTA BRANDS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. BFG's motion to dismiss Delta's counterclaim is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAD FOOTE GEAR WORKS, INC., an )
Illinois corporation, )
)
        Plaintiff/ )
        Counter-defendant, )
vs. )   No. 03 C 7023   FEB 19 2004
)
DELTA BRANDS, INC., a Texas cororation, )
)
        Defendant/ )
        Counter-plaintiff. )

DOCKETED

## MEMORANDUM OPINION AND ORDER

Plaintiff Brad Foote Gear Works, Inc. (BFG) brought this action against defendant Delta Brands, Inc. (Delta) alleging breach of contract. Delta filed a counterclaim for breach of contract and BFG filed a motion to dismiss. For the following reasons, plaintiff's motion is granted.

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). We should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

BFG claims that between January and April, 2000, it entered into a series of contracts

to manufacture equipment for Delta, but that Delta refused to pay over $118,000 pursuant to those contracts. A natural reading of the counterclaim is that the parties entered into a binding agreement on January 21, 2000, yet BFG was unable to complete its part of that bargain, causing the parties to modify the contract, reducing the overall price, because of the damage to Delta. Even if Delta's allegations are true, they amount to nothing more than a claim that BFG breached the January 21, 2000, agreement. However, when Delta agreed to the contract modification, or novation, the original contract was extinguished along with Delta's right to sue for breach. Phillips and Arnold, Inc. v. Frederick J. Borgsmiller, Inc., 123 Ill. App. 3d 95, 101, 462 N.E.2d 924, 928 (5th Dist. 1984). If we misunderstand the counterclaim, it can be amended.

## CONCLUSION

For the foregoing reasons, BFG's motion to dismiss Delta's counterclaim is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 18, 2004.