Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7023 | DATE | 8/5/2004 |
| CASE TITLE | BRAD FOOT GEAR WORKS, INC. vs. DELTA BRANDS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment is granted as to Count II and denied as to Count I.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 0 6 2004 | |
| | Notified counsel by telephone. | date docketed | 24 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | 2004 AUG -5 PM 5:10 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD FOOT GEAR WORKS, INC. an Illinois corporation, | ) ) ) | DOCKETED AUG 0 6 2004 |
| Plaintiff-counterdefendant, | ) ) ) | |
| v. | ) ) | 03 C 7023 |
| DELTA BRANDS, INC., a Texas corporation, | ) ) ) ) | |
| Defendant-counterplaintiff. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Brad Foote Gear Works, Inc. (BFG), brought this action against Delta Brands, Inc. (Delta), claiming breach of contract (Count I) and account stated (Count II). Plaintiff now brings a motion for summary judgment. The motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the plaintiff's statement of uncontested fact and defendant's response to the statement.[1] Defendant, a Texas corporation that uses metalworking machinery, placed a series of orders with plaintiff, a manufacturer of industrial gears located in Cicero, Illinois. On January 21, 2000, defendant ordered two sets of loose gears. After negotiations, the parties agreed defendant would pay $187,000 for the gears. On February 24, 2000, plaintiff acknowledged acceptance of the order, #188770, and stated the terms of payment. Plaintiff shipped the gears to defendant on June 7 and 13, 2000, along with two invoices, #3242 and #3243, requesting the $187,700 due. Plaintiff sent an additional

---

[1] In its response to plaintiff's Local Rule 56.1(a)(3) statement of facts, defendant only discussed objections to paragraphs 9, 19, 24, and 26. All of plaintiff's statements of fact to which defendant did not respond are accepted as uncontested.

invoice to defendant on June 8, 2000, for $624.40, the cost of freight charges for the order, which were not included on the first invoice. Defendant made payments on these invoices from 2000 through 2002, though the parties disagree on how much defendant paid. Plaintiff maintains that defendant paid $135,000, leaving a balance of $52,700, plus the freight charges, while defendant argues that plaintiff has disregarded a payment made in February 2000 for $33,770. Delta contends that its balance is only $18,930.

Defendant placed two other orders in April 2000, which have gone unpaid. On April 11, defendant ordered an enclosed drive gear box for $7,020. The next day, plaintiff notified defendant that it accepted purchase order #189301. Plaintiff shipped defendant's order along with invoice #3182 on May 24, 2000. None of the balance has been paid. On April 10, 2000, defendant placed order #189260 for the manufacture of two other gear boxes, which cost $29,000 each. Plaintiff acknowledged its acceptance of that order on April 17, 2000, and then proceeded to create the custom-designed parts for defendant. When plaintiff completed the order at the end of July 2000, it sent defendant invoice # 3628 and #3629, totaling $58,000. BFG informed defendant that the gearboxes were ready, but given the company's failure to pay its earlier bills, they would not be delivered until the invoices were paid. Defendant asserts that the parties agreed that it would not be charged for the manufactured parts until it needed them, thus the invoices had been issued prematurely.

Over a year after Delta's last purchase order, its Director of Business Operations, Porfirio Duron, wrote a letter to BFG's president, J. Cameron Drecoll. In his letter Duron acknowledged that Delta owed plaintiff $145,344.40 for orders already shipped by BFG. Delta committed to making monthly payments of $25,000 per month until this balance was paid.

Duron also recognized that defendant owed plaintiff $58,000 pursuant to invoice #3628 and #3629, for items still held by BFG. Defendant also agreed to pay off this balance, once it had satisfied its other debts to BFG.

## DISCUSSION

Our function in ruling on a motion for summary judgment is to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law we will grant the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). A "metaphysical doubt as to the material facts" is not enough to create a genuine issue of fact for trial, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986); the evidence must allow for a reasonable trier of fact to find for the non-movant. Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing a motion for summary judgment, we draw all inferences in the light most favorable to the non-movant. DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987).

Defendant argues that plaintiff is not entitled to summary judgment because there are genuine issues of material fact. In declarations by Velinda Savariego, Executive Vice President of Delta, she states that the balance owed to plaintiff is only $18,930.80 and that Delta was not obligated to pay the $58,000 for invoice #3628 and #3629 until the company needed the parts. She also states that Duron's letter of June 11, 2001, which indicates otherwise is incorrect. Plaintiff concedes that Savariego's affidavits raise issues of material fact as to the claim for breach of contract, precluding summary judgment for Count I. However, plaintiff contends

that it does not create an issue of fact as to Count II for account stated.

Under Illinois law an account stated is "an agreement between parties who have had previous transactions that the account representing those transactions is true and that the balance stated is correct, together with a promise, express or implied, for the payment of such balance." W.E. Erickson Const., Inc. v. Congress-Kenilworth Corp., 132 Ill.App.3d 260, 267, 477 N.E.2d 513, 519 (1st Dist. 1985); See Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc., 218 F.Supp.2d 974, 978 (N.D.Ill. 2002). This agreement is often formed by one party submitting a statement of account to another, who retains the account beyond a reasonable time without objection. W.E. Erickson Const., Inc., 132 Ill.App.3d at 267, 477 N.E.2d at 519; Allied Wire Products., Inc. v. Marketing Techniques, Inc., 99 Ill.App.3d 29, 40, 424 N.E.2d 1288, 1296-97 (1st Dist. 1981). A failure to object to the account statement is viewed as a recognition of its accuracy. Fabrica de Tejidos Imperial, S.A., 218 F.Supp.2d at 979. As Judge Shadur recognized in Fabrica de Tejidos Imperial, S.A., a claim for account stated is an alternative theory for proving the damages asserted in a breach of contract claim. Id.

Plaintiff is entitled to summary judgment on its account stated claim. Defendant does not contest that Duron sent BFG a letter dated June 11, 2001, summarizing Delta's remaining balance from previous transactions and its intent to pay the amount due. The letter also recognized Delta's obligation to pay invoice #3628 and #3629 for the gearboxes that were being held by plaintiff. Plaintiff did not object to this assessment of defendant's account, nor is there any evidence that Delta objected to its own accounting within a reasonable time.

Defendant offers its Executive Vice President's affidavits as evidence of a factual dispute. While her statements create a question of fact regarding the amount due under the

terms of the original agreements, they do not create a question of fact as to whether there was an account stated. Her statements, dated July 26, 2004, contesting the information in Duron's letter do not serve as an objection within a reasonable period of time to the statement of account offered by Delta. Defendant provides no evidence that it objected to its president's accounting within a reasonable time. Rather, defendant admits that after it submitted the letter to BFG, it made payments on its balance, $85,000 in total, as promised. Furthermore, both the alleged oral agreement and the February 2000 payment, which defendant argues alter its liability, occurred well before defendant summarized its obligation to BFG and reaffirmed its commitment to pay the debt – in other words, they occurred before the parties created the account stated. As this is a claim on an account stated, not on a breach of contract, the original evidence regarding the amount of the debt is not important. While an account stated does not create a liability where none existed before, it does establish the amount of a debt for a pre-existing liability. Pope County State Bank v. U.G.I. Contracting Co., 265 Ill.App. 420 (4th Dist. 1932)("An account stated cannot be made the instrument to create an original liability; it merely determines the amount of the debt where liability previously existed."); *See* Dick v. Zimmerman, 207 Ill. 636, 639, 69 N.E. 754, 756 (Ill. 1904)(An action for account stated is founded, "not upon the original contract, but upon the promise to pay the balance ascertained.") Defendant had an obligation to plaintiff, and the extent of that obligation was agreed upon in the account stated created by Delta's June 11, 2002 letter.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted as to Count II and denied as to Count I.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U.S. District Court

August 5, 2004