# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7023 | **DATE** | 9/10/2004 |
| **CASE TITLE** | BRAD FOOTE GEAR WORKS, INC. vs. DELTA BRANDS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | SEP 14 2004 date docketed |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | JXM docketing deputy initials |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |
| | date mailed notice |
| LG courtroom deputy's initials | 2004 SEP 10 PM 5:03 U.S. DISTRICT COURT Date/time received in central Clerk's Office |
| | mailing deputy initials |

Document Number: 28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAD FOOTE GEAR WORKS, INC., )
an Illinois corporation, )
)
Plaintiff, )
)
vs. ) No. 03 C 7023
)
DELTA BRANDS, INC., a Texas )
corporation, )
)
Defendant. )

**DOCKETED**

SEP 1 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Brad Foote Gear Works, Inc. (BFG) brought this action against Delta Brands, Inc. (Delta) for breach of contract and account stated. In a Memorandum Opinion and Order dated August 5, 2004, we granted plaintiff summary judgment on its account-stated claim and denied it on the breach of contract claim. Because plaintiff sought the same relief for both counts, it moved for dismissal of the breach of contract claim and entry of final judgment on the account-stated claim. Defendant has now brought a motion to reconsider our grant of summary judgment. The motion is denied.

Motions for reconsideration serve to correct manifest errors of law or fact or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)(citing Keene Corp. v. International Fidelity Insurance Co., 561 F.Supp. 656 (N.D.Ill. 1976)). Defendant argues that the court erred in interpreting two cases on which it relied in reaching its decision on plaintiff's summary judgment motion. First, defendant maintains that Fabrica de Tejidos Imperial, S.A. v. Brandon Apparel Group, Inc., 218 F.Supp.2d 974 (N.D. Ill. 2002) is distinguishable from the case before us and provides no support for our ruling.

In <u>Fabrica de Tejidos Imperial, S.A.</u>, plaintiff brought claims of breach of contract and account stated against a defendant for failure to pay for delivered goods. The court held that there was no genuine issue of material fact as to the breach of contract claim and that plaintiff was entitled to summary judgment. *Id.* at 978. After granting summary judgment as to the contract claim, the court defined an "account stated" and discussed the elements of such a claim. *Id.* at 978-79. Ultimately, the court dismissed the count as moot because "it is merely an alternate theory for proving the same damages asserted in a breach of contract claim." *Id.* Our opinion granting plaintiff summary judgment cited <u>Fabrica de Tejidos Imperial, S.A.</u> for its definition and explanation of an account stated. The court's holding did not rest on supposed similarities with the facts or outcome in that case. Though defendant makes much of the fact that the court in <u>Fabrica de Tejidos Imperial, S.A.</u>, found no genuine issue of material fact as to the breach of contract claim, while in this case BFG conceded there was a disputed issue of fact as to its contract claim, that distinction in no way precluded granting summary judgment on the account-stated claim.

Defendant next asserts that summary judgment was improper because the existence of an account stated was in dispute and was an issue to be decided by a trier of fact. Defendant cites <u>W.E. Erickson Construction, Inc. v. Congress-Kenilworth Corp.</u>, 132 Ill.App.3d 260, 267, 477 N.E.2d 513, 519 (1st Dist. 1985), which we also cited in our opinion, in support of its argument. In that case, the court correctly stated, "[W]here the existence of an account stated is disputed, the issue of whether it exists is a fact question which, in a bench trial is properly resolved by the trial court." *Id.* at 268. However, as pointed out in our previous opinion, the affidavits of defendant's executive vice-president, dated July 26, 2004, do not create a dispute regarding the existence of an account stated. The court in <u>W.E. Erickson Construction, Inc.</u>

noted, "Where a statement of account is rendered by one party to another and is retained by the latter beyond a reasonable time without objection, this constitutes a recognition by the latter of the correctness of the account and establishes an account stated." *Id.* at 267. Defendant provided no evidence that it objected within a reasonable time to its president's statement of account to BFG, and therefore it did not establish a genuine issue of material fact regarding the existence of an account stated.

## CONCLUSION

For the foregoing reasons, defendant's motion to reconsider is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sep. 10, 2004.